IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C.A. No.: 3:10-cr-00834-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Gary Lee Gillion, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the Defendant's motion requesting the court to reconsider its April 8, 2011 order denying the Defendant's motion for judgment for acquittal. (ECF No. 118). The court has reviewed the Defendant's motion, and, for the reasons that follow, the motion is denied.

The Federal Rules of Criminal Procedure make no provision for a motion to reconsider. Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). See, e.g., *United States v. Sims*, No. CR 00-193 MV, 2003 WL 1227571 at *4 (D.N.M. Mar. 11, 2003); *United States v. Thompson*, 125 F. Supp. 2d 1297 (D. Kan. 2000).

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted

only for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already rule upon because a litigant is displeased with the result. See *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the Defendant's motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court – the motion is basically an attempt to reargue issues already fully argued at trial and decided based on the evidence by the factfinder. The Court understands that the Defendant may disagree with this Court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to alter or amend the judgment is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 16, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge